UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.　　　　　　　　　　　　　　　CASE NO. 6:23-cr-00070-WWB-EJK

JOHN CAN UNSALAN
    a/k/a Hurrem Can Unsalan,

    Defendant.
_____/

**DEFENDANT'S MEMORANDUM OF LAW
<u>IN SUPPORT OF PRETRIAL RELEASE</u>**

The Defendant, JOHN CAN UNSALAN, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3142, files this his Memorandum of Law in Support of Release, and moves this Court to release him pending trial. There are conditions or a combination of conditions that "will reasonably assure" his "appearance" and "the safety of any other person and the community." 18 U.S.C. § 3142(e).  The grounds supporting this motion are:

    1.    On April 13, 2023, the United States filed an Indictment charging Mr. Unsalan with the following:

- Count One: Conspiracy to Violate IEEPA and the Ukraine/Russia-Related Sanctions Regulations (50 U.S.C. § 1705(a) and (c) and 31 C.F.R. § 589.201).

- Counts Two through Eleven: Substantive Violations of IEEPA and the Ukraine/Russia-Related Sanctions Regulations (50 U.S.C. § 1705(a) and (c) and 31 C.F.R. § 589.201).

- Count Twelve: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)).

- Counts Thirteen through Twenty-Two: International Money Laundering (18 U.S.C. § 1956(a)(2)(A)).

The charges against Mr. Unsalan are alleged to have occurred on or about July 2018 and continuing until October of 2021. Mr. Unsalan was arrested on April 14, 2023. At Mr. Unsalan's initial appearance and arraignment, the United States made an Ore Tenus Motion seeking detention, which was granted. The Court scheduled a Detention Hearing for Friday, April 21, 2023 at 2:30 p.m.

## **MEMORANDUM**

The Bail Reform Act, 18 U.S.C. § 2142(b) creates a presumption for release on one's own personal recognizance unless the judicial officer finds that release will not reasonably assure the appearance of the person as required, or will endanger the safety of the community or any person. If the Court determines that recognizance release will not reasonably ensure both the defendant's appearance and the safety of the community, section 3142(c) directs the Court to release the person on "the least restrictive" condition or set of conditions. Detention is appropriate only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Government bears the burden of proof as to both risk of flight and danger to the community. The Government must establish flight risk by a preponderance of the evidence and danger by clear and convincing evidence. *United States v. King*, 849 F.2d 485 (11 Cir. 1988).

"In our society liberty, is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno,* 481 U.S. 739, 755 (1987). In the Bail Reform Act of 1984, Congress implemented that norm

by providing for detention only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person and the community." 18 U.S.C. § 3142(e)(2).

Congress has instructed judicial officers that in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, a judge must take into account the available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings, and whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

## 1. Nature and Circumstances of the Charged Offense

The first factor which the Court must take into account is the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.  Here, the charges against Mr. Unslan are serious. However, the charges are alleged to have occurred years ago and do not involve violence, a violation of section 1591, terrorism, a minor victim, a controlled substance, firearm, explosive, or destructive device.

## 2. Weight of the Evidence

The United States has elected to proceed at the pretrial detention solely by proffer,  after having been granted several days to present evidence. Given that the United States has not elected to proceed by sworn testimony, this Court should give little weight to the proffered evidence.

While the defense is not privy to all of the Government's evidence, the defense expects the Government to only be able to show that Mr. Unsalan intended to do business with a company that was not listed on the Treasury

Department's OFAC database as a sanctioned entity. The Government is not expected to be able to show that Mr. Unsalan ever received sanctioned materials from or paid money to any sanctioned entities or individuals. The Government is not expected to be able to show any actual material was received or any money paid to or from any sanctioned entity or individual.

Given these facts, the Court should give little weight to the Government's proffered evidence.

### 3. History and Characteristics of the Person

As reflected in the Pretrial Service Report, Mr. Unsalan is forty-one (41) years old and was born in Izmir, Turkey.  He is a United States citizen and has resided in Central Florida since 2006.  Mr. Unsalan and his wife, Duygu Unsalan, have been married for seventeen years.  Mr. Unsalan owns a home in Windemere, Florida, where he and his wife reside, with their two minor children, whom he loves and cares for.  Mr. Unsalan is in good physical and mental health.  He does not have a history of drug or alcohol abuse.  His only criminal history is from 2007, where he pled to two counts of Affray, a first-degree misdemeanor. The Court withheld adjudication and he was placed on 1 year of supervised probation, which he successfully completed.

Mr. Unsalan is a productive citizen in the community. He owns a business that is based in Orlando and occupies office space at the Plaza

Office Towers. He recently purchased 22 acres of industrial land in Hardee County, for the purpose of building a nail manufacturing factory. He also owns two rental properties in Windemere, which are occupied with tenants. He has donated money and volunteered for local organizations and charities. Mr. Unsalan has numerous family members, friends, colleagues who have shown their support for his character and ties to Orlando as reflected in the various letters of support that have been filed in support of his request for pretrial release.

Mr. Unsalan has a United States and Turkish passport, which he is willing to surrender. Additionally, Mr. Unsalan is willing to abide by the recommendations in the Pretrial Services Report which are: "1) Surrender passport to the Clerk of Court and do not apply for or obtain a new or replacement passport, or any other travel document. 2) Abide by the following restriction on travel: Defendant's travel to be restricted to the continental United States."

### 4. Nature and Seriousness of Danger to the Community

The final factor requires the Court to weigh "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). To justify detention based on

dangerousness, the Court must find by "clear and convincing evidence" that "no condition or combination of conditions will reasonably assure the safety of any other person and the community..." 18 U.S.C. § 3142(f).  The criminal conduct alleged by the United States does not constitute a crime of violence or create a rebuttal presumption of detention.  There is no evidence that demonstrates that Mr. Unsalan poses a concrete threat to public safety.

## 5. Risk of Flight

It is expected that the Government is going to proffer that Mr. Unsalan is a flight risk. In support of their position, it is expected they are going to proffer evidence of a conversation between Mr. Unsalan and his wife about a change in his Turkish passport shortly after he was arrested.  Mr. Unsalan volunteered, during the course of a proffer this information regarding a change in passport status. In addition, the Government has received documentation that is protected by the parties proffer agreement that reflects this change in passport status was initiated in March of 2023 at a time when Mr. Unsalan was not aware of these charges.  During the call, Mr. Unsalan did not indicate to his wife he intended to flee the United States. The proffered statements, taken out of context do not amount to a preponderance of evidence that Mr. Unsalan is a risk of flight.

For all these reasons, the Court should release Mr. Unsalan pursuant to 18 U.S.C. § 3142(b) on personal recognizance or unsecured appearance bond. In light of the above, and by carefully considering the factors listed in Section 3142(g), this Court should release Mr. Unsalan on a personal surety bond with home detention, and a restriction on internet access.

**RELEASE ON CONDITIONS PURSUANT TO 18 U.S.C. § 3142(c)**

If the Court does find Mr. Unsalan poses a risk of flight, Mr. Unsalan requests the Court grant release in accordance with 18 U.S.C. § 3142(c). Mr. Unsalan is willing to abide by any conditions of release imposed by the Court, including but not limited to: a monetary bond, electronic monitoring, surrendering his passports, home detention or home confinement, property as collateral to secure a bond, report to a designated law enforcement agency or pretrial services.

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 21st day of April, 2023, we have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Chauncey A. Bratt, Deputy Chief, Assistant United States Attorney, United States Attorney's Office, 400 W. Washington Street, Suite 3100, Orlando, FL 32801, Chauncey.Bratt@usdoj.gov.  We further certify that we mailed

the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

s/Warren W. Lindsey
WARREN W. LINDSEY, of
LINDSEY, FERRY & PARKER, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail:* P.O. Box 505
Winter Park, FL 32790
Telephone: (407) 644-4044
Facsimile: (407) 599-2207
Attorneys for the Defendant.
warren@warrenlindseylaw.com
Florida Bar No. 299111

s/Matthew P. Ferry
MATTHEW P. FERRY, of
LINDSEY, FERRY & PARKER, P.A.
341 N. Maitland Avenue, Suite 130
Maitland, FL 32751
*Mail:* P.O. Box 505
Winter Park, FL 32790
Telephone: (407) 644-4044
Facsimile: (407) 599-2207
Attorneys for the Defendant.
matt@lindseyferryparker.com
Florida Bar No. 28950

s/Mark N. Longwell
MARK N. LONGWELL, of
LONGWELL LAWYERS
390 North Orange Avenue
Suite 1825
Orlando, Florida 32801
Telephone: (407) 426-5757
Facsimile: (407) 426-5755
Attorneys for the Defendant.
mlongwell@longwelllawyers.com
Florida Bar No. 899150
