UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:23-cr-70-WWB-EJK

JOHN CAN UNSALAN

### UNITED STATES' SENTENCING MEMORANDUM

The backdrop of this case is the Russian Federation's unlawful aggression against Ukraine and the threat it poses to the national security and foreign policy of the United States. The defendant, John Can Unsalan, and his Orlando-based company, Metalhouse, LLC, willfully contributed more than one-hundred million dollars to that threat, in violation of U.S. sanctions laws. Taking into account the seriousness of the offense, the defendant's history and characteristics, the need to deter similar criminal conduct, and the need to promote respect for the law, a guidelines sentence is appropriate in this case. *See* 18 U.S.C. § 3553(a).

### Background

The International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1708, exists to enable the United States to address "unusual and extraordinary threat[s]" to the national security, foreign policy, and economy of the United States. It enables the executive branch to declare a national emergency through executive orders, issuing regulations, and blocking or prohibiting "any acquisition, holding, . . . use, transfer, withdrawal, . . . importation or exportation of, or dealing in" any property that is subject to the jurisdiction of the United States in which a foreign country or foreign

national has an interest. *Id.* In March 2014, pursuant to IEEPA, the President issued Executive Orders 13660, 13661, and 13662, authorizing the Secretary of the Treasury, in consultation with the Secretary of State, to block all property and interests in property of persons involved in the Russian Federation's military invasion of the Crimea region of Ukraine, including persons operating in the defense and related materiel sector of the Russian Federation.

One of the oligarchs sanctioned as a result of these Executive Orders was Sergey Kurchenko. Kurchenko, who resides in Moscow, Russia, obtained control of large amounts of metallurgical assets located in areas of Ukraine under Russian military control, specifically the so-called Donetsk People's Republic and Luhansk People's Republic. On July 30, 2015, the United States designated Kurchenko as a Specially Designated National (SDN), which subjects him to sanctions that prohibit U.S. Persons from engaging in economic transactions with him, finding that Kurchenko was responsible for or complicit in misappropriation of state assets of Ukraine or of an economically significant entity in Ukraine.

Despite knowing that the United States had sanctioned Kurchenko and that it was unlawful to do business with him, Unsalan used Metalhouse to engage in business transactions with shell companies that he knew were owned and controlled by Kurchenko. Doc. 64 at 23-24. Specifically, Unsalan provided money to entities owned and controlled by Kurchenko and received metal products from Kurchenko that had been exported from the Russia-controlled areas of Ukraine. *Id.* at 23, 32. Due to the sanctioned nature of these products, Unsalan was able to purchase them at a substantial discount. During the period of July 27, 2018, to March 11, 2021, Unsalan and Metalhouse provided funds totaling $157,189,912.09 to companies controlled by Kurchenko. *Id.* at 24. As a result of these

illegal transactions, and the profits that Unsalan obtained by selling the metal products, Unsalan "retained millions of dollars in profits for his own personal use and to expand his business assets and opportunities." Doc. 64 at 34.

## The United States Sentencing Guidelines

Pursuant to the terms of the plea agreement, the United States and the defendant jointly recommend the following guidelines calculations: (a) a base offense level of 26 pursuant to U.S.S.G. §2S1.1(a)(1) and §2M5.1; (b) a 2-level enhancement pursuant to U.S.S.G. §2S1.1(b)(2)(B) for a conviction under 18 U.S.C. § 1956; (c) a 2-level enhancement pursuant to U.S.S.G. §2S1.1(b)(3) for an offense that involved sophisticated laundering; (d) a 2-level enhancement pursuant to U.S.S.G. §3B1.1(c) because the defendant served as an organizer, leader, manager, or supervisor; and (e) a 3-level reduction pursuant to U.S.S.C. §3E1.1 for acceptance of responsibility. This leads to a total adjusted offense level of 29.

The defendant falls within Criminal History Category I. Thus, the defendant faces an advisory guidelines range of 87 to 108 months.

The defendant argues in his objections to the presentence report that that he should receive an additional 2-level reduction pursuant to U.S.S.G. §4C1.1. *See* Defense Objection 6 to Paragraph 86. Specifically, the defendant maintains that, although he received an adjustment under § 3B1.1,[1] a "plain reading of §4C1.1" requires the application of this enhancement. *Id*. This misreads the text of §4C1.1, which only applies "[i]f the defendant meets *all* of the following criteria," U.S.S.G. §4C1.1 (emphasis added),

---

[1] The defendant acknowledges that he received "an adjustment pursuant to §4C1.1." Defense Objection 6 to Paragraph 86. The government understands this to mean that the defendant is subject to an adjustment pursuant to §3B1.1.

3

including that "the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) *and* was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." U.S.S.G. §4C1.1(a)(10) (emphasis added). Accordingly, the fact that the defendant is subject to an aggravating role adjustment under §3B1.1 renders him ineligible for the reduction under §4C1.1.

### **18 U.S.C. § 3553(a)**

a. **The Nature and Circumstances of the Offense**

The nature and circumstances of the offense committed by Unsalan, which are set forth in the PSR and outlined above, weigh in favor of a guidelines sentence. *See* 18 U.S.C. § 3553(a)(1). The offense that Unsalan committed was extremely serious. Actions like those of Unsalan help incentivize and fuel Russian aggression in Ukraine. And his repeated willful engagement in illegal transactions, despite his knowledge that Kurchenko, a sanctioned oligarch in Russia, was the beneficiary of the funds, renders his actions more egregious. As explained above, Unsalan enjoyed millions of dollars of profits, all at the expense of Ukraine.

b. **The History and Characteristics of the Defendant**

The PSR sets forth various aspects of the defendant's history and characteristics for the Court to consider—such as the defendant's family history, his emotional and mental health, employment and educational background, etc. In his favor, Unsalan has very little prior criminal history and was an established businessman. At the same time, this meant that Unsalan had many other opportunities to make a living for himself and his family that did not involvement in unlawful activity, and instead he chose to engage in the sanctioned transactions set forth above.

4

### c. Just Punishment, Adequate Deterrence, Respect for the Law, and Protection of the Public

A guidelines sentence is also necessary to meet the sentencing goals of adequate deterrence, respect for the law, protection of the public and just punishment in this case. The fact that Unsalan's offense is an economic one does not diminish the need for deterrence. *See United States v. Howard*, 28 F.4th 180, 209 (11th Cir. 2022) ("General deterrence is more apt, not less apt, in white collar crime cases. The reason is that economic and fraud-based crimes are more rational, cool and calculated than sudden crimes of passion or opportunity, which makes them prime candidates for general deterrence.") (internal quotation marks omitted), *cert. denied sub nom. Bramwell v. United States*, No. 21-8092, 2022 WL 4653181 (U.S. Oct. 3, 2022).

## CONCLUSION

In light of the serious nature of the defendant's offense conduct, his personal characteristics, the need to protect the public from his further crimes, just punishment, deterrence, and the need to promote respect for the law, the United States respectfully requests that this Court sentence the defendant to a guidelines sentence.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By: */s/ Chauncey A. Bratt*
CHAUNCEY A. BRATT
Assistant United States Attorney
USA No. 174
400 W. Washington Street, Suite 3100
Orlando, Florida  32801
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:   chauncey.bratt@usdoj.gov

MARGARET A. MOESER
Acting Chief, Money Laundering and Asset Recovery Section
Criminal Division
United States Department of Justice

By: */s/ Sean O'Dowd*
SEAN O'DOWD
Trial Attorney

JENNIFER KENNEDY GELLIE
Acting Chief, Counterintelligence and Export Control Section
National Security Division
United States Department of Justice

By: */s/ Emma Ellenrieder*
EMMA ELLENRIEDER
Trial Attorney

U.S. v. JOHN CAN UNSALAN                                   Case No. 6:23-cr-70-WWB-EJK

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I caused an electronic copy of the foregoing motion to be sent to the following:

Vincent Citro, Esq.

Matthew Ferry, Esq.

                                              */s/ Chauncey A. Bratt*
Chauncey A. Bratt
Assistant United States Attorney
USA No. 174
400 W. Washington St., Ste. 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: chauncey.bratt@usdoj.gov

7